IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LAMONT ALEXANDER WAGNER, )
                                           )
              Petitioner, )
                                           )
          v. )     1:07CV653
                                           )
ANTHONY HATHAWAY, III, )
                                           )
              Respondent. )

## MEMORANDUM OPINION AND ORDER

**Eliason, Magistrate Judge**

    Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 3, 2003, in the Superior Court of Forsyth County, Petitioner pled guilty to two counts of robbery with a dangerous weapon, two counts of second-degree kidnaping, and possession of a firearm by a convicted felon in cases 01 CRS 58563, 58568, and 02CRS 31748. He then received a consolidated sentence of 107 to 138 months of imprisonment. Petitioner filed no direct appeal and did not pursue collateral relief in the state courts. Instead, on August 28, 2007, he filed a habeas petition dated August 7, 2007 in this Court. Respondent now seeks to have the petition dismissed.

## Discussion

    Respondent requests dismissal on the ground that the petition was filed[1] outside of the one-year limitation period imposed by the

---

[1] A petition is filed by a prisoner when the petition is delivered to prison authorities for mailing. <u>Adams v. United States</u>, 173 F.3d 1339, 1341 (11th Cir. 1999).

Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2244(d)(1). The AEDPA amendments apply to petitions filed under § 2254 after April 24, 1996. <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997).

Interpretations of the limitation periods found in 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. <u>Sandvik v. United States</u>, 177 F.3d 1269, 1271 (11th Cir. 1999). The limitation period ordinarily starts running from the date when the judgment of conviction became final at the end of direct review. <u>Harris v. Hutchinson</u>, 209 F.3d 325 (4th Cir. 2000). Where, as here, no direct appeal is filed, the conviction becomes final on the day it is entered. <u>United States v. Sanders</u>, 247 F.3d 139, 142 (4th Cir. 2001)(federal conviction). The judgment in Petitioner's case was entered on June 3, 2003 and his conviction became final on that date. His AEDPA limitation period then began to run and expired one year later on June 3, 2004.

The one-year limitation period is tolled while state post-conviction proceedings are pending. <u>Harris</u>, <u>supra</u>. However, Petitioner never made any attempt at collateral review in the state courts. Also, the Fourth Circuit, as well as a number of courts, have held that the one-year limitation period is subject to equitable tolling. <u>Harris</u>, <u>supra</u>; <u>Sandvik</u>, 177 F.3d at 1271 (collecting cases). Equitable tolling may apply when a petitioner has been unable to assert claims because of wrongful conduct of the state or its officers. A second exception is when there are extraordinary circumstances, such as when events are beyond the

-2-

prisoner's control and the prisoner has been pursuing his rights diligently. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Harris, supra; Akins v. United States, 204 F.3d 1086 (11th Cir. 2000). Petitioner makes no argument that he is entitled to equitable tolling and no basis for equitable tolling is apparent in the record.

The only argument raised by Petitioner in response to the motion to dismiss is that his late filing should be excused because he is actually innocent of the crimes for which he was convicted. Petitioner appears to be confusing claims that are barred based on procedural default with petitions that are barred by the AEDPA time limit. The concept of actual innocence applies in the former situation, but not the latter. The petition is out of time and Respondent's motion will be granted.

**IT IS THEREFORE ORDERED** that Respondent's motion to dismiss (Docket No. 5) is granted, the petition is denied (Docket No. 2) and this action is dismissed.

_____
United States Magistrate Judge

November 20, 2007